Steven Allen BRUNI,
Petitioner-Appellant,

v.

Samuel LEWIS, Director of Arizona Department of Corrections, Robert Corbin, Attorney General, State of Arizona, Respondents-Appellees.

No. 87-2990.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 1988.

Decided May 24, 1988.

As Amended July 12, 1988.

Robert Bartels, Douglas A. Blaze, Aimee L. Burr, Student, Ann Harwood, Student, Harry A. Wolin, Student, Arizona State University Law School Clinic, Tempe, Ariz., for petitioner-appellant.

Diane M. Ramsey, Barbara A. Jarrett, Asst. Attys. Gen., for the State of Ariz., Phoenix, Ariz., for respondents-appellees.

Before CHOY, SNEED and HUG, Circuit Judges.

CHOY, Circuit Judge:

## OVERVIEW

Steven Allen Bruni ("Bruni"), an Arizona state prisoner who was convicted of 14 counts of kidnapping, sexual assault and aggravated assault, appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Bruni claims that police interrogation violated his fifth amendment right to counsel. We disagree and affirm.

## BACKGROUND

On October 22, 1979, a Tucson, Arizona police officer stopped Bruni for having unusually loud muffler pipes on his car. The officer recognized the car as one identified with a number of sexual assault cases under investigation. The officer notified his supervisor, who in turn informed Detective Comstock.

Upon arriving at the scene, Detective Comstock recognized Bruni as a suspect in several recent sexual assault cases and arrested him. She read Bruni his *Miranda* rights and asked him if he understood them. After he responded affirmatively, she asked him if he would answer her questions. Bruni replied, "Not without my attorney." He then added immediately, "Well, ask your questions, and I will answer those I see fit." Detective Comstock then asked him "if that meant he would be willing to answer the questions that he wanted to answer himself." Bruni said, "Yes."

Detective Comstock did not question Bruni further but had him transported to the Pima County Attorney's Office where he met Detective Kohlman. At his request, Bruni first spoke with his parole officer. Afterwards, Detective Kohlman read Bruni his *Miranda* rights and asked him if he understood them. Having secured Bruni's assent, Detective Kohlman asked Bruni if he would answer questions. Bruni replied that he would answer "those he felt good to answer or that he thought his attorney would probably advise him to answer." Detective Kohlman then interrogated Bruni at length. During this interrogation, Bruni did not attempt to invoke his right to silence or right to counsel.

At trial, Bruni unsuccessfully objected to the prosecution's introduction of statements elicited from him during his interrogation by Detective Kohlman. Bruni was convicted on August 29, 1980, of 14 counts of kidnapping, sexual assault and aggravated assault. He appealed his conviction but did not raise the issue of his interrogation by Detective Kohlman at that time. On May 4, 1981, the state appellate court affirmed his conviction, though it remanded for sentencing on two counts.

On May 3, 1982, Bruni filed a petition for post-conviction relief in Arizona superior court. He now claimed that Detective Kohlman's interrogation violated his fifth amendment right to counsel. The court denied his petition. The Arizona appellate court affirmed the denial. Bruni then petitioned for review in the Arizona Supreme Court, which dismissed his petition.

Bruni next sought federal habeas relief in the United States District Court for the District of Arizona. He timely appeals from that court's denial of his habeas petition.

## DISCUSSION

### I. State Procedural Bar

Initially, the State of Arizona ("state") asserts that the district court incorrectly reached the merits of Bruni's habeas petition. The state maintains that Bruni is procedurally barred from seeking federal habeas relief.

■ A state prisoner may not receive federal habeas relief if his constitutional claim has been barred in state court on a procedural ground, unless the prisoner can show cause for his procedural default and resulting prejudice. *See Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). However,

if the state court denied the prisoner's claim on alternate grounds, reaching a decision on the merits as well as invoking a procedural ground, the state procedural bar is vitiated. *Bradford v. Stone,* 594 F.2d 1294, 1296 n. 2 (9th Cir.1979); *see also Walker v. Endell,* 828 F.2d 1378, 1382 (9th Cir.1987); *Huffman v. Ricketts,* 750 F.2d 798, 800–01 (9th Cir.1984).

■ Here, Bruni failed to directly appeal his fifth amendment claim. In his state post-conviction proceeding, the appellate court ruled that this waived his claim under Arizona law. The court nonetheless addressed the merits of Bruni's claim and found no constitutional violation.[1] Since the state court did not rely exclusively on a procedural ground in denying Bruni's petition, we reach the merits.

## II. Right to Counsel

■ We review *de novo* a district court's decision to deny a petition for writ of habeas corpus. *Campbell v. Kincheloe,* 829 F.2d 1453, 1457 (9th Cir.1987). Furthermore, while the historical factual findings of a state court are presumed correct and will not be set aside unless lacking fair support in the record, *McKenzie v. Risley,* 842 F.2d 1525, 1531 (9th Cir.1988) (en banc), we may give different legal weight to such facts. *Hayes v. Kincheloe,* 784 F.2d 1434, 1436, 98 L.Ed.2d 150 (9th Cir.1986), *cert. denied,* —— U.S. ——, 108 S.Ct. 198 (1987); *see Sumner v. Mata,* 455 U.S. 591, 597, 102 S.Ct. 1303, 1306–07, 71 L.Ed.2d 480 (1982) (per curiam).

In *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the Supreme Court held that before government officials conduct a custodial interrogation of a defendant, they must inform him of his fifth amendment right to remain silent and to receive assistance of counsel before and during questioning. To proceed to question the defendant, officials must first satisfy the "heavy burden" of establishing that the defendant "knowingly and intelligently waived his privilege against self-incrimination and his right to ... counsel." *Id.* at 475, 86 S.Ct. at 1628. In determining whether the government has met its burden, a court must examine " 'the particular facts and circumstances surrounding th[e] case, including the background, experience, and conduct of the accused.' " *Edwards v. Arizona,* 451 U.S. 477, 482, 101 S.Ct. 1880, 1884, 68 L.Ed.2d 378 (1981) (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)).

*Edwards* applied these principles in holding that government officials must discontinue interrogation of a defendant who invokes his right to counsel until the defendant meets with counsel, unless the defendant initiates further communication with government officials. 451 U.S. at 484–85, 101 S.Ct. at 1884–85.[2]

■ However, a defendant may selectively waive his *Miranda* rights, deciding "to respond to some questions but not others." *United States v. Thierman,* 678 F.2d 1331, 1335 (9th Cir.1982); *see Michigan v. Mosley,* 423 U.S. 96, 103–04, 96 S.Ct. 321, 326–27, 46 L.Ed.2d 313 (1975). Nevertheless, if a defendant makes an equivocal request for counsel during interrogation, officials must stop further questioning, except to clarify the defendant's desire for counsel. *United States v. Fouche,* 833 F.2d 1284, 1287 (9th Cir.1987), *petition for cert. filed,* (Feb. 9, 1988).

In the present case, the district court determined that Bruni unequivocally

---

1. The court stated that "appellant's claim regarding the voluntariness of his statements was explored in pretrial motions but not raised on appeal and therefore is deemed waived.... In any case, appellant was willing to talk and no constitutional violation occurred."

Bruni's subsequent petition to the Arizona Supreme Court was denied without explanation. We thus presume that the state supreme court's denial was also on the merits. *See Turner v. Compoy,* 827 F.2d 526, 529–30 (9th Cir.1987), *petition for cert. filed,* (Nov. 27, 1987).

2. In *Shea v. Louisiana,* 470 U.S. 51, 59, 105 S.Ct. 1065, 1069–70, 84 L.Ed.2d 38 (1985), the Supreme Court held that *Edwards* applied to all cases on direct review at the time *Edwards* was decided. Here, Bruni's direct appeal was pending at the time of the *Edwards* decision. Nevertheless, the state maintains that *Shea* is inapplicable because Bruni did not raise the issue of his alleged illegal interrogation on direct appeal. The state argues that to reap the benefit of *Edwards,* a defendant who had been appealing his conviction at the time of the *Edwards* decision must also have been appealing an *Edwards* issue. We need not address this argument, however, as we find that no *Edwards* violation occurred.

**564**

waived his right to counsel upon his arrest. In response to Officer Comstock's request that he answer her questions, Bruni replied, "Not without my attorney." He then added, "Well, ask your questions and I will answer those I see fit."

 Bruni asserts that by invoking his right to counsel and then immediately waiving that right he made an equivocal request for counsel. However, there is no reason to interpret as equivocal either Bruni's unambiguous invocation of his right to counsel or his subsequent equally unambiguous waiver of that right. *See Connecticut v. Barrett,* 479 U.S. 523, 107 S.Ct. 828, 832, 93 L.Ed.2d 920 (1987) (With respect to requests for counsel under the fifth amendment, "[i]nterpretation is only required where the defendant's words, understood as ordinary people would understand them, are ambiguous."). As commonly understood, Bruni's second statement effected a selective waiver by indicating an agreement to answer some questions but not others. Therefore, to the extent that Bruni later chose to answer questions, he waived his right to counsel.[3]

Since Bruni's statements effected a waiver of his *Miranda* rights, the district court correctly ruled that the subsequent interrogation did not violate *Edwards.* The issue remains, however, whether Bruni's statement to Detective Kohlman was an equivocal request for counsel.

Upon receiving his *Miranda* rights for the second time, Bruni again indicated that he understood his rights. When Detective Kohlman thereafter sought to question him, Bruni stated that he would answer "those [questions] he felt good to answer or that he thought his attorney would probably advise him to answer."

Bruni's statement was not an attempt to invoke a *present* right to counsel.[4] *See United States v. Jardina,* 747 F.2d 945, 949 (5th Cir.1984), *cert. denied,* 470 U.S. 1058, 105 S.Ct. 1773, 84 L.Ed.2d 833 (1985). Furthermore, his mere mentioning of his attorney does not suffice to render this statement an equivocal request for counsel. *See id.* (noting that "[t]he word 'attorney' has no talismanic qualities"). Bruni had had prior felony arrests and so probably felt sufficiently familiar with arrest procedures to respond to questions that he wanted to answer or that he believed his attorney would allow him to answer. Thus, we do not construe this statement as an equivocal request for counsel.

### CONCLUSION

No state procedural rule bars review of Bruni's habeas petition. We AFFIRM the district court's denial of Bruni's petition on the merits.

---

3. Bruni's declarations differ markedly from ambiguous responses in other cases that were held to be equivocal requests for counsel. *See, e.g., United States v. Fouche,* 776 F.2d 1398, 1405 (9th Cir.1985) (statement that defendant "might want to talk to a lawyer"); *United States v. Cherry,* 733 F.2d 1124, 1130 (5th Cir.1984) (defendant stated "maybe I should talk to an attorney before I make a further statement," and a few minutes later added, "why should I not get an attorney?"); *Nash v. Estelle,* 597 F.2d 513, 519 (5th Cir.) (en banc) (defendant stated that "I

would like ... to have [an attorney] appointed" and a minute later asserted that "I would like to have a lawyer, but I'd rather talk to you"), *cert. denied,* 444 U.S. 981, 100 S.Ct. 485, 62 L.Ed.2d 409 (1979).

4. In contrast, shortly before making this statement, Bruni had made a clear request to have an immediate conference with his parole officer, which was granted.