Tony L. BREWER, Petitioner–
Appellant,

v.

Susan YEARWOOD, Warden;  Attorney
General of the State of California,
Respondents–Appellees.

No. 00–56760.

D.C. No. CV–98–04757–CBM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Decided Jan. 30, 2002.

Before BEEZER and WARDLAW,
Circuit Judges, and SCHWARZER,*
Senior District Judge.

MEMORANDUM**

Tony Lee Brewer appeals the district court's dismissal of his habeas corpus petition.  We affirm.

Brewer was arrested for car theft.  A detective read him his *Miranda* rights and asked, "Do you want to talk about what happened and answer my questions?"  Brewer replied, "I'll answer what I want.  This is bullshit.  I don't know nothing."  He then answered questions about a residential burglary.  The next day, when asked, Brewer said he still wanted to talk and answer questions about the case.  Questioning about the burglary resumed briefly.  Another detective then asked Brewer questions about the theft of a car, which he answered.  Brewer now contends that he invoked his right to silence, ren-

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

dering his statements about the car theft at the subsequent interview inadmissible.

■ First, we reject Brewers's argument that his waiver was ambiguous, and that the detective should have clarified it before continuing the questioning. His statement "I'll answer what I want" was not ambiguous. *See United States v. Thierman,* 678 F.2d 1331, 1332, 1335 (9th Cir.1982) (holding that suspect's saying "that the police could ask him questions and that he would respond to the ones he wanted to answer" amounted to a waiver); *cf. United States v. Fouche,* 776 F.2d 1398, 1405 (9th Cir.1985) (holding that "[I] might want to speak to a lawyer" was ambiguous); *United States v. Bushyhead,* 270 F.3d 905, 912, 913 (9th Cir.2001) (holding that "I have nothing to say, I'm going to get the death penalty anyway" was unambiguous). Regardless, officers were under no duty to clarify an ambiguous invocation of the right to silence. While such a duty may exist in the context of the right to counsel, *Fouche,* 776 F.2d 1398, *cf. Davis v. United States,* 512 U.S. 452, 462, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994) (holding no obligation to clarify the ambiguous invocation of the right to counsel, "Maybe I should talk to a lawyer"), it has no application to an ambiguous invocation of the right to silence.

■ Second, we reject Brewer's argument that he selectively invoked his right to silence. Because neither the detective nor Brewer specified the scope or subject matter of the interview, Brewer's statement was not a selective invocation. *See Bruni v. Lewis,* 847 F.2d 561, 564 (9th Cir.1988) (holding defendant's statement "Well, ask your questions and I will answer those I see fit" did not preclude further questioning and operated as a complete waiver).

■ Third, we reject Brewer's argument that the authorities were obliged to provide fresh *Miranda* warnings before the second interview or before the initiation of questioning by the second interviewer. *See United States v. Andaverde,* 64 F.3d 1305, 1312–13 (9th Cir.1995) (holding no fresh warnings required where a second interrogator questioned the defendant one day after his first waiver and interrogation). The circumstances of Brewer's detention had not "changed so seriously that his answers no longer were" voluntary, knowing, and intelligent. *Wyrick v. Fields,* 459 U.S. 42, 47, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982) (per curiam). He could still recall the *Miranda* warnings given the day before, and there is no evidence of coercion.

Fourth, Brewer's argument that the officers used "deceptive tactics" when they introduced a new topic in the second interview is without merit. *See Colorado v. Spring,* 479 U.S. 564, 574, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987) (stating that "[t]he Constitution does not require that a criminal suspect know and understand every possible consequence of a waiver of the Fifth Amendment privilege.").

Finding no *Miranda* violation, we affirm.

AFFIRMED.