[No. B184870. Second Dist., Div. Four. Nov. 15, 2006.]

DALE RAY HURD, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CITY OF LOS ANGELES POLICE DEPARTMENT, Real Party in Interest.

## COUNSEL

Dale Ray Hurd, in pro. per.; and Philip M. Brooks, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

Rockard J. Delgadillo, City Attorney, Claudia McGee Henry, Assistant City Attorney, and Kim Rodgers Westhoff, Deputy City Attorney, for Real Party in Interest.

OPINION

**WILLHITE, J.**—In this mandate proceeding, we hold that Penal Code section 1054.9 authorizes a pre-habeas corpus motion for discovery of peace officer personnel records pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305] *(Pitchess)* and Evidence Code section 1043.[1] We further hold that a criminal defendant who makes such a motion without having made one during the original prosecution must show that the records are material to the habeas corpus claims he or she proposes, and that those proposed claims are cognizable on habeas corpus. Here, because the decision in the direct appeal makes the requested discovery immaterial, and because the proposed claims are not cognizable on habeas corpus, we deny relief.

## BACKGROUND

A jury convicted petitioner Dale Ray Hurd of the first degree murder of his estranged wife, and found true the special circumstance allegation of murder for financial gain, and the allegation that he personally used a firearm. (Pen. Code, §§ 187, 190.2, subd. (a), and 12022.5, subd. (a), respectively.) He was sentenced to life in prison without the possibility of parole, plus four years for the handgun use allegation.

On petitioner's direct appeal, we affirmed the judgment of conviction. *(People v. Hurd* (1998) 62 Cal.App.4th 1084 [73 Cal.Rptr.2d 203] *(Hurd)*.) In doing so, we rejected his claims that statements he made during police interrogation were obtained in violation of *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602] *(Miranda)* or were involuntary, and also rejected his claim that use of his refusal during the interrogation to take a polygraph examination and perform a demonstration of the murder constituted error under *Doyle v. Ohio* (1976) 426 U.S. 610 [49 L.Ed.2d 91, 96 S.Ct. 2240], as construed in certain federal circuit court decisions.

Approximately six years after we issued our opinion in his direct appeal (and after the California Supreme Court denied review), petitioner filed in superior court a motion for pre-habeas corpus discovery pursuant to section 1054.9. In particular, he sought discovery under *Pitchess* and section 1043, of personnel records of the interrogating police officers, Detectives Bryan Carr and David Straky of the Los Angeles Police Department, showing allegations of "false arrest, violation of civil liberties, detention without reasonable cause, dishonesty, falsifying or altering reports [or] evidence, misconduct,

---

[1] For ease of reference, we shall refer to Penal Code section 1054.9 as "section 1054.9," and Evidence Code section 1043 as "section 1043."

excessive use of force, or aiding or abetting another officer's misconduct." The motion was supported by a declaration from petitioner's then attorney. As we set forth in our later discussion of petitioner's showing of materiality in support of the motion, the proposed justification for the discovery related to the same claims we had decided in petitioner's direct appeal.

The superior court denied petitioner's motion for discovery. The court reasoned that petitioner had not moved for *Pitchess* discovery during the original prosecution, and that section 1054.9 does not authorize pre-habeas corpus discovery that was not sought during the original prosecution.

No longer represented by counsel, petitioner filed an in propria persona petition for writ of mandate. We denied mandate, ruling that the petition failed to demonstrate entitlement to extraordinary relief. Petitioner then filed an in propria persona petition for review in the California Supreme Court. The Supreme Court granted review, and transferred the matter back to this court. The Supreme Court directed us to vacate our order denying mandate, and to issue an alternative writ "on the question of whether Penal Code section 1054.9 authorizes a motion for the discovery of peace officer personnel records made pursuant to Evidence Code section 1043 and *Pitchess*." The Supreme Court referred us to *In re Steele* (2004) 32 Cal.4th 682, 688 [10 Cal.Rptr.3d 536, 85 P.3d 444] (*Steele*).

As directed, we issued an alternative writ of mandate and order to show cause, and also appointed new counsel to represent petitioner. Further, we asked the parties to address an additional issue: whether any such discovery would be relevant in light of our opinion in petitioner's direct appeal, which addressed the detectives' conduct during the interrogation. The City of Los Angeles Police Department (the City), as real party in interest, has filed a return, and petitioner has filed a reply.

## DISCUSSION

### I.   Section 1054.9 Authorizes a Motion for Pre-Habeas Corpus Discovery of Peace Officer Personnel Records

During his initial prosecution, petitioner did not make a motion for disclosure of the personnel records of Detectives Carr and Straky pursuant to *Pitchess* and section 1043. The City argues that section 1054.9 authorizes a motion for such discovery only when the same motion was made, and the disclosure ordered, in the original prosecution, but the records were lost by trial counsel or never provided. According to the City, section 1054.9 does not permit a *Pitchess* motion for the first time postconviction. We conclude

that section 1054.9, as construed by the Supreme Court in *Steele, supra*, 32 Cal.4th 682, does authorize such a motion.

■ On a showing by a defendant sentenced to death or life imprisonment without the possibility of parole "that good faith efforts to obtain discovery materials from trial counsel were made and were unsuccessful," section 1054.9 requires the trial court to order production of specific "discovery materials."[2] The "discovery materials" are "materials in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at time of trial." (§ 1054.9, subd. (b).)

■ Construing section 1054.9 in *Steele*, the Supreme Court rejected the notion that the statute encompasses only materials actually required to be produced during the initial prosecution but later lost or not produced (*Steele, supra*, 32 Cal.4th at pp. 693–695), or those for which a specific request was made (*id.* at p. 696). As relevant to the instant case, the court held that section 1054.9 "require[s] the trial court, on a proper showing of a good faith effort to obtain the materials from trial counsel, to order discovery of specific materials currently in the possession of the prosecution or law enforcement authorities involved in the investigation or prosecution of the case that the defendant can show . . . the prosecution had no obligation to provide at time of trial absent a specific defense request, but to which the defendant would have been entitled at time of trial had the defendant specifically requested them." (*Steele, supra*, 32 Cal.4th at p. 697.)

Discovery of relevant peace officer personnel records currently in the possession of law enforcement authorities involved in the investigation of the case falls within this description. They are materials that the prosecution had

---

[2] Section 1054.9 provides: "(a) Upon the prosecution of a postconviction writ of habeas corpus or a motion to vacate a judgment in a case in which a sentence of death or of life in prison without the possibility of parole has been imposed, and on a showing that good faith efforts to obtain discovery materials from trial counsel were made and were unsuccessful, the court shall, except as provided in subdivision (c), order that the defendant be provided reasonable access to any of the materials described in subdivision (b).

"(b) For purposes of this section, 'discovery materials' means materials in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at time of trial.

"(c) In response to a writ or motion satisfying the conditions in subdivision (a), [the] court may order that the defendant be provided access to physical evidence for the purpose of examination, including, but not limited to, any physical evidence relating to the investigation, arrest, and prosecution of the defendant only upon a showing that there is good cause to believe that access to physical evidence is reasonably necessary to the defendant's effort to obtain relief. The procedures for obtaining access to physical evidence for purposes of postconviction DNA testing are provided in Section 1405, and nothing in this section shall provide an alternative means of access to physical evidence for those purposes.

"(d) The actual costs of examination or copying pursuant to this section shall be borne or reimbursed by the defendant."

no obligation to provide absent a request, but that the defendant would have been entitled to if the defendant had specifically requested them through a motion supported by good cause—albeit a motion directed not to the prosecutor but to the custodian of records of the investigating law enforcement agency.

██ The procedure to obtain discovery of peace officer personnel records, set forth in section 1043 and supplemented by case law, is well known. The Supreme Court recently summarized it in *Warrick v. Superior Court* (2005) 35 Cal.4th 1011 [29 Cal.Rptr.3d 2, 112 P.3d 2] (*Warrick*): "To initiate discovery, the defendant must file a motion supported by affidavits showing 'good cause for the discovery,' first by demonstrating the materiality of the information to the pending litigation, and second by 'stating upon reasonable belief' that the police agency has the records or information at issue. [Citation.] This two-part showing of good cause is a 'relatively low threshold for discovery.' [Citation.] [¶] If the trial court finds good cause for the discovery, it reviews the pertinent documents in chambers and discloses only that information falling within the statutorily defined standards of relevance. [Citations.] The trial court may not disclose complaints more than five years old, the 'conclusions of any officer' who investigates a citizen complaint of police misconduct, or facts 'so remote as to make [their] disclosure of little or no practical benefit.' [Citations.] Typically, the trial court discloses only the names, addresses, and telephone numbers of individuals who have witnessed, or have previously filed complaints about, similar misconduct by the officer. [Citation.] That practice 'imposes a further safeguard to protect officer privacy where the relevance of the information sought is minimal and the officer's privacy concerns are substantial.' [Citation.]" (*Id.* at p. 1019.)

Thus, peace officer personnel records, which the prosecution had no duty to disclose in the original prosecution, and which may be discovered only on motion supported by good cause, fall within the definition of discoverable materials under section 1054.9 as construed in *Steele*. That is, they are materials "the prosecution had no obligation to provide at time of trial absent a specific defense request, but to which the defendant would have been entitled at time of trial had the defendant specifically requested them." (*Steele, supra,* 32 Cal.4th at p. 697.) Section 1054.9 therefore authorizes a pre-habeas corpus motion to obtain such discovery currently in the possession of the law enforcement authorities that were involved in the investigation and prosecution of the case.

The City argues that in its role as custodian of police personnel records, it must be considered not as the law enforcement authority involved in the original investigation and prosecution, but rather as a third party to which section 1054.9 does not apply. The City relies on *People v. Superior Court*

(*Barrett*) (2000) 80 Cal.App.4th 1305 [96 Cal.Rptr.2d 264] (*Barrett*). In *Barrett*, a criminal defendant charged with the murder of his prison cellmate requested pretrial discovery from the Imperial County District Attorney of records maintained by the California Department of Corrections. Department of Corrections personnel had participated in the investigation of the murder. The 17 categories of records sought included investigatory materials, as well as records maintained by the department in its administration of the prison. (*Barrett, supra*, 80 Cal.App.4th at p. 1318.)

After the trial court ordered the district attorney to produce the materials, the district attorney petitioned for a writ of mandate. The Court of Appeal reasoned that the department had a "hybrid status: part investigatory agency, and part third party." (*Barrett, supra*, 80 Cal.App.4th at p. 1317.) The court held that to the extent the defendant sought materials that were prepared in the department's investigation of the murder, the district attorney was required to produce such materials, so long as they fell within the scope of the prosecution's duty of disclosure set forth in section 1054.1, subdivisions (a) through (f). (*Barrett, supra*, at p. 1317.) However, to the extent the defendant sought materials maintained by the department in its administration of the prison, the defendant was relegated to a subpoena duces tecum, as it would be for discovery from other third parties. (*Id.* at p. 1318.)

Here, the City argues that it, too, has a dual status—law enforcement agency involved in the investigation of the case, and third party custodian of personnel records unrelated to the investigation. (See also *Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1045 [130 Cal.Rptr.2d 672, 63 P.3d 228] [describing *Pitchess* discovery as "in essence a special instance of third party discovery"].) According to the City, in its role as custodian, it is not subject to section 1054.9 discovery.

We note that *Barrett* did not involve section 1054.9, nor did it involve *Pitchess* discovery (none of the records sought were police personnel records). Moreover, *Barrett* posits a distinction between discovery of investigatory materials and administrative materials that is not recognized by section 1054.9. That section applies to "materials in the possession of the prosecution *and law enforcement authorities* to which the same defendant *would have been entitled at time of trial*." (§ 1054.9, subd. (b), italics added.) The relevant "law enforcement authorities," according to *Steele*, are those that were involved in the investigation and prosecution of the defendant's offense. In petitioner's case, the City falls within that definition—Detectives Carr and Straky were employed by the City as police officers, investigated petitioner's case, and assisted in the trial prosecution. Had petitioner made a motion for discovery of their personnel records at trial, supported by a showing of good cause, he would have been entitled to disclosure of those records. To accept

the City's distinction, and to preclude section 1054.9 discovery based upon it, we would have to ignore the statutory language, as well as add an additional gloss not found in the Supreme Court's interpretation in *Steele*. We hold that section 1054.9 authorizes a pre-habeas corpus motion for discovery of peace officer personnel records pursuant to *Pitchess* and section 1043.

### II. Petitioner Fails to Show That the Proposed Discovery Is Material

We also asked the parties to address the issue whether discovery of Detective Carr's and Straky's personnel records would be relevant in light of our opinion in petitioner's direct appeal, which addressed the detectives' conduct during the interrogation. We now hold that such discovery would not be relevant.

■ As we have concluded, for defendants sentenced to death or life in prison without the possibility of parole, section 1054.9 authorizes a first-time, pre-habeas corpus motion for discovery of peace officer personnel records. According to the literal language of section 1054.9, the scope of such discovery is the materials "to which the same defendant would have been entitled at time of trial." (§ 1054.9, subd. (b).)

However, the Legislature has made police personnel records confidential, and subject to disclosure (as here relevant) only through the procedure of section 1043. (*People v. Memro* (1985) 38 Cal.3d 658, 678 [214 Cal.Rptr. 832, 700 P.2d 446].) Penal Code section 832.7, subdivision (a), provides: "Peace officer or custodial officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code." The procedure of section 1043 requires that "[i]n *any case* in which discovery or disclosure is sought of" peace officer personnel records, the party seeking the records "shall file a written motion with the appropriate court." (§ 1043, subd. (a), italics added.) Among the requirements of the motion, as we have noted, is an affidavit "showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the *subject matter involved in the pending litigation* and stating upon reasonable belief that the governmental agency identified has the records or information from the records." (§ 1043, subd. (b)(3), italics added.)

■ Thus, the literal language of section 1043 requires a showing of materiality to the subject matter of pending litigation. Yet the scope of available discovery pursuant to the literal language of section 1054.9 refers not to pending litigation, but the materials to which the defendant would have

been entitled at the time of his earlier trial. There is thus a conflict between the literal scope of discovery available under section 1054.9, and the literal scope of disclosure of police personnel records under section 1043: section 1054.9 requires disclosure of the same materials to which the defendant would have been entitled at trial, but section 1043 permits disclosure only of police personnel records relevant to currently pending litigation.

■ Generally, when construing statutes in pari materia like sections 1054.9 and 1043, both of which apply to discovery of materials in the possession of law enforcement agencies, courts should seek to harmonize them, if reasonably possible. (*People v. Squier* (1993) 15 Cal.App.4th 235, 240 [18 Cal.Rptr.2d 536].) Further, the law does not favor a repeal of a statute by implication. "In fact, ' "[t]he presumption against implied repeal is so strong that, 'To overcome the presumption the two acts must be irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation. The courts are bound, if possible, to maintain the integrity of both statutes if the two may stand together.' " ' [Citation.]" (*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 569 [71 Cal.Rptr.2d 731, 950 P.2d 1086].)

Here, in the case of habeas corpus discovery for prisoners sentenced to death or life in prison without the possibility of parole, we may rationally harmonize the statutes, and adhere to the strong presumption that the Legislature did not intend section 1054.9 to work an implied repeal of section 1043's materiality requirement. We deem the litigation to which the discovery must be material within the meaning of section 1043 to be the habeas corpus proceeding that has been or will be initiated by petitioner's habeas corpus petition. We deem the scope of the *Pitchess* discovery available under section 1054.9 to be that justified by such current materiality to claims cognizable on habeas corpus. This reconciliation of the statutes upholds the requirements of section 1043, while at the same time permitting habeas corpus discovery consistent with the purpose of section 1054.9. Therefore, we hold that a defendant seeking discovery of peace officer personnel records in support of a habeas corpus proceeding under section 1054.9, having not made such a motion during the original prosecution, must show that the records are material to the claims he or she proposes to raise, and that those claims are cognizable on habeas corpus.

■ In *Warrick*, the Supreme Court clarified the materiality showing required for discovery of peace officer personnel records *at trial*. Although the standard of good cause has a " 'relatively low threshold' " (*Warrick, supra,* 35 Cal.4th at p. 1019), the materiality element nonetheless requires a specific showing that there is "a logical link between the defense proposed and the pending charge," and an explanation of "how the discovery being sought

would support such a defense or how it would impeach the officer's version of events." (*Id.* at p. 1021.) The showing of materiality must also include presentation of a " 'plausible factual foundation' " for the proposed defense, that is, "a specific factual scenario of officer misconduct that is plausible when read in light of the pertinent documents" (*id.* at p. 1025); "one that might or could have occurred . . . because it presents an assertion of specific police misconduct that is both internally consistent and supports the defense proposed to the charges. A defendant must also show how the information sought could lead to or be evidence potentially admissible at trial." (*Id.* at p. 1026.)

■ In the instant case, transplanting this trial-discovery standard into the habeas corpus context imposed by section 1054.9, we conclude that petitioner cannot show that the peace officer personnel records he seeks are material. The reason: our opinion in his direct appeal renders the discovery immaterial to his proposed habeas corpus claims, and the proposed claims themselves are not cognizable on habeas corpus because they are simply a restatement of claims raised and rejected on appeal.

In his appeal, petitioner contended that a pretrial statement he made during his interrogation by Detectives Carr and Straky, to the effect that his wife was considering obtaining a gun, was involuntary, and obtained in violation of his *Miranda* rights. He argued, in part, that his refusal to demonstrate the shooting for the detectives, and his refusal to take a polygraph examination, constituted an invocation of his *Miranda* rights. Relying on *People v. Silva* (1988) 45 Cal.3d 604, 629–630 [247 Cal.Rptr. 573, 754 P.2d 1070], and *People v. Davis* (1981) 29 Cal.3d 814, 825 [176 Cal.Rptr. 521, 633 P.2d 186], we rejected the contention. We held that petitioner waived his *Miranda* rights, and never invoked his right to remain silent. (*Hurd, supra,* 62 Cal.App.4th at pp. 1090–1091.) Petitioner also contended that the detectives used improper coercive tactics during the interrogation. We held that the detectives said nothing that rendered petitioner's statement involuntary. (*Id.* at p. 1091.)

Finally, petitioner argued that by introducing evidence of his refusal to demonstrate the shooting, the prosecutor improperly used against him his postarrest silence on *that specific point*, in violation of *Doyle v. Ohio, supra,* 426 U.S. 610, as construed in three federal circuit court decisions (*U.S. v. May* (10th Cir. 1995) 52 F.3d 885, 890; *U.S. v. Canterbury* (10th Cir. 1993) 985 F.2d 483; and *U.S. v. Scott* (7th Cir. 1995) 47 F.3d 904, 907). We took "a somewhat different view" than these circuit court decisions. (*Hurd, supra,* 62 Cal.App.4th at p. 1093.) We reasoned: "A defendant has no right to remain silent selectively. Once a defendant elects to speak after receiving a *Miranda* warning, his or her refusal to answer questions may be used for impeachment purposes absent any indication that such refusal is an invocation of *Miranda*

rights. Here, appellant talked freely and voluntarily about his relationship with his wife and how the shooting occurred including drawing a diagram. By refusing the demonstration, appellant in effect said, 'I'll tell you, but I won't show you.' Appellant cannot have it both ways. Appellant was not induced by the *Miranda* warning to remain silent. Having talked, what he said or omitted must be judged on its merits or demerits, and not on some artificial standard that only the part that helps him can be later referred to. [¶] This was not a case where the prosecution commented upon a prior exercise of rights. The prosecutor asked the jury to measure what appellant said and refused to do. We do not think *Doyle* was meant to preclude the prosecutor from commenting on highly relevant evidence bearing on appellant's credibility, including appellant's refusal to provide critical details, when he had voluntarily waived his right to remain silent. In sum, we conclude that *Doyle* error was not here committed as there was no evidence that appellant's refusal to demonstrate the shooting or take a polygraph was based upon an invocation of his *Miranda* rights." (*Id.* at pp. 1093–1094, fn. omitted.)

In his pre-habeas corpus motion for discovery of Detectives Carr's and Straky's personnel records, petitioner's justification for the discovery, as set forth in his then attorney's declaration, is a proposed resurrection of the claims we rejected on direct appeal. Thus, petitioner's attorney declares, in relevant part, that he reviewed a transcript of petitioner's interrogation. He continues: "As part of [the] interrogation, the detectives tried to get Petitioner to demonstrate how the incident occurred that resulted in the death of his estranged wife. Petitioner responded that he didn't want to comply (his words being, 'I don't want to do that'). This was as unequivocal a response as 'no' would have been. I am informed and believe and thereon assert that prior to conducting the interrogation both detectives had been trained to deliberately ignore a defendant's invocation of his right to remain silent. . . . I am further informed and believed and thereon assert that both officers knew they could get Petitioner's responses to their demands introduced into evidence at trial despite his patent refusal to cooperate. Petitioner's responses to their questioning were coerced as the officers ignored his refusal and asserted that his answers would affect the filing decision by the District Attorney. Petitioner's responses to the detectives' questions were ultimately introduced into evidence which I am informed and believe and thereon assert was an unconstitutional reference to the Petitioner's invocation of his right against self-incrimination. By the granting of this motion Petitioner will be able to demonstrate that certain of what are purported to be his admissions and his refusal to engage in a demonstration were the product of coercion and therefore involuntary and inadmissible as evidence."

Thus, the supposed " 'plausible factual foundation' " (*Warrick, supra*, 35 Cal.4th at p. 1025) for the discovery of Detectives Carr's and Straky's personnel records is their alleged misconduct in violating petitioner's right to

remain silent during his interrogation, and in coercing his incriminating statements. On direct appeal, however, we held that petitioner waived his *Miranda* rights, did not thereafter invoke his right to remain silent, and was not subjected to tactics that made his statements involuntary. The declaration in support of pre-habeas corpus discovery offers no new evidence, or new factual allegations, concerning the detectives' words or conduct during their interrogation of petitioner. Indeed, it is based on the transcript of the interrogation. The only new assertion of fact, made on information and belief, is that the detectives were trained to ignore a defendant's invocation of the right to remain silent. But this new fact, if true, does not make the proposed discovery "material." Even if the detectives received such training, they did not violate petitioner's rights in their conduct of the interrogation—in other words, there was no predicate misconduct by the officers so as to justify *Pitchess* discovery. Therefore, petitioner fails to show that the proposed discovery is material to his future habeas corpus proceeding.

■ There is a second fatal flaw in petitioner's showing. "[I]n the absence of strong justification, any issue that was *actually* raised and rejected on appeal cannot be renewed in a petition for a writ of habeas corpus." (*In re Harris* (1993) 5 Cal.4th 813, 829 [21 Cal.Rptr.2d 373, 855 P.2d 391], original italics.) Here, the declaration in support of the motion describes potential habeas corpus claims that restate issues relating to the conduct of the detectives that were raised and rejected on direct appeal. There is no stated justification that would permit the issues to be raised again on habeas corpus. Hence, because there is no showing that the claims to which the discovery is purportedly relevant are cognizable on habeas corpus, the discovery itself is not material to future habeas corpus litigation.

Petitioner argues that because, unlike our decision in his direct appeal, other courts (state and federal) have concluded that a defendant may selectively invoke his *Miranda* rights,[3] and because the California Supreme Court declined to decide the issue in *People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 118–119 [17 Cal.Rptr.3d 710, 96 P.3d 30], "it is at least plausible that [petitioner] may ultimately secure a more favorable ruling on further review." Therefore, according to petitioner, the proposed discovery remains material. We disagree. In petitioner's direct appeal, we acknowledged the existence of contrary authority, and were not persuaded by it. We still are not. In any event, as we have noted, petitioner's proposed habeas corpus claims

---

[3] Besides the decisions we referred to in *Hurd*, petitioner adds, with little or no discussion, the following: *U.S. v. Garcia-Cruz* (9th Cir. 1992) 978 F.2d 537, 541–542; *United States v. Lorenzo* (9th Cir. 1978) 570 F.2d 294, 298; *Egger v. United States* (9th Cir. 1975) 509 F.2d 745, 747; *United States v. Thierman* (9th Cir. 1982) 678 F.2d 1331, 1335; *U.S. v. Soliz* (9th Cir. 1997) 129 F.3d 499; *Bruni v. Lewis* (9th Cir. 1988) 847 F.2d 561, 564; *U.S. v. Johnson* (3d Cir. 1987) 816 F.2d 918, 922; *U.S. v. Amaro* (7th Cir. 1987) 816 F.2d 284, 286; *State v. Waugh* (1986) 238 Kan. 537 [712 P.2d 1243, 1250]; and *State v. Peabody* (R.I. 1992) 611 A.2d 826, 836–837.

were raised and rejected on direct appeal, and are not cognizable on habeas corpus review. Thus, as a matter of law, the discovery cannot be material to his expected habeas corpus proceeding.

## DISPOSITION

The petition for writ of mandate is denied.

Epstein, P. J., and Manella, J., concurred.

Petitioner's petition for review by the Supreme Court was denied March 14, 2007, S148667.