[No. G036837. Fourth Dist., Div. Three. June 13, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
TUAN PHUONG NGUYEN, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110(a), this opinion is certified for publication with the exception of the part titled, *"Consecutive Sentencing Did Not Violate Defendant's Right to a Jury Trial."*

1474

## Counsel

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Mary Jo Graves, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Barry, Carlton and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**IKOLA, J.**—Defendant Tuan Phuong Nguyen contends the court applied the wrong standard to his posttrial *Pitchess* motion.[1] Defendant had filed the motion after his bribery conviction to gather evidence for a new trial motion, in which he would assert ineffective assistance of counsel. The court denied the motion. It found the requested police personnel records were immaterial to the new trial motion because they did not support an ineffective assistance claim. Defendant contends the court should have disclosed the requested records because they were material to his defense at trial.

The court did not err. By statute, a *Pitchess* motion compels disclosure of police personnel records only if they are material to the pending litigation. Because defendant had already been convicted, the pending litigation was his new trial motion. Thus, the court correctly considered whether the requested records were material to his ineffective assistance claim. The court did not abuse its discretion by concluding the requested records were immaterial to this claim.

In a supplemental brief, defendant contends the court violated his right to a jury trial by imposing consecutive sentences based on facts not found by a jury. Not so. Consecutive sentencing may be imposed based on facts found by the court, without implicating defendant's right to a jury trial. We affirm.

### FACTS

Santa Ana Police Detectives Lima and Tolosa had been investigating ongoing prostitution at defendant's tanning salon. Defendant gave the officers two envelopes each containing $500 in cash. He promised, "Next time it will be better." The detectives booked the cash into evidence and reported it to the

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305] (*Pitchess*).

Orange County District Attorney's Office. They returned to the tanning salon twice more, each time receiving cash from defendant. Defendant also asked the officers to scare away a competing prostitution ring. Eventually, the police officers arrested defendant.

The district attorney filed an information charging defendant with six counts of bribing an executive officer. (Pen. Code, § 67.) The detectives testified at trial. The prosecution played recordings of their conversations with defendant. A district attorney's office investigator testified defendant had reported bribing Detective Lima. Defendant called no witnesses. Instead, defense counsel cross-examined the prosecution's witnesses in an attempt to show entrapment.

The jury found defendant guilty on all counts. The court sentenced defendant to a total term of five years in state prison. It imposed a midterm of three years on count one, plus two consecutive one-year sentences (one-third the midterm) for counts three and five. It stayed sentencing on counts two, four, and six. (Pen. Code, § 654.)

Defendant retained new counsel, who filed a *Pitchess* motion to discover the detectives' personnel records. Defense counsel sought the records to support a new trial motion, in which she intended to claim ineffective assistance of counsel. Specifically, she claimed trial counsel had unreasonably failed to file an earlier *Pitchess* motion to gather evidence to impeach the detectives. The court agreed to review the detectives' personnel records for evidence they had solicited bribes, made false arrests, submitted false police reports, or committed perjury. After reviewing the records, the court stated, "There is no discoverable material contained in Officer Tolosa's personnel file. As to Officer Lima, there is nothing contained in that file that would lead the court to believe that [defendant] has not received a fair trial. There is nothing to disclose."

Defense counsel later filed a new trial motion, claiming the court should have disclosed Detective Lima's personnel records. The court noted the records did not support defendant's ineffective assistance claim, even though they would have been responsive to an earlier *Pitchess* motion. The court stated, "I did find that there was material that would have been disclosed prior to trial, but looking back in retrospect after trial, it's the court's conclusion that that evidence was of such little probative value that number one, it probably would not have been admitted to begin with, but second of all, it would not have made a difference in the outcome of this trial. It would not have raised a reasonable doubt concerning that particular officer's testimony." The court denied the motion, and sentenced defendant to a total term of five years in state prison.

## DISCUSSION

*The Court Correctly Denied Defendant's* Pitchess *Motion*

■ In *Pitchess, supra,* 11 Cal.3d 531, the court "established that a criminal defendant could 'compel discovery' of certain relevant information in the personnel files of police officers by making 'general allegations which establish some cause for discovery' of that information and by showing how it would support a defense to the charge against him. [¶] In 1978, the California Legislature codified the holding of *Pitchess* by enacting Penal Code sections 832.7 and 832.8, as well as Evidence Code sections 1043 through 1045. [Citations.] To initiate discovery, the defendant must file a motion supported by affidavits showing 'good cause for the discovery,' first by demonstrating the materiality of the information to the pending litigation, and second by 'stating upon reasonable belief' that the police agency has the records or information at issue." (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1018–1019 [29 Cal.Rptr.3d 2, 112 P.3d 2].)

Defendant notes the "relatively low threshold for discovery" pursuant to a *Pitchess* motion. (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 83 [260 Cal.Rptr. 520, 776 P.2d 222].) As he states, "[a]ll the law requires to show good cause to permit such discovery is the 'materiality' of the information to the subject matter of the pending litigation . . . ." (*Fletcher v. Superior Court* (2002) 100 Cal.App.4th 386, 392 [123 Cal.Rptr.2d 99]; accord, Evid. Code, § 1043, subd. (b)(3) [*Pitchess* motion requires an affidavit "setting forth the materiality [of the requested personnel records] to the subject matter involved in the pending litigation"].)

The issue is what constitutes the "pending litigation" to which Detective Lima's personnel records must be material. Defendant contends the court erred by requiring him to show the requested records were material to his new trial motion. Rather, he asserts he needed to show only that the records were material—as the court conceded—to his defense of the underlying prosecution.

■ A recent decision has construed the phrase, "pending litigation," in a similar context. In *Hurd v. Superior Court* (2006) 144 Cal.App.4th 1100 [50 Cal.Rptr.3d 893] (*Hurd*), the defendant filed a posttrial *Pitchess* motion to gather support for a habeas corpus petition. (*Hurd,* at p. 1105.) The court held Penal Code section 1054.9, which allows for pre-habeas corpus discovery, authorized the motion. (*Hurd,* at p. 1108.) But it required the defendant to show the requested records were material to his habeas corpus petition, not his defense to the underlying prosecution. (*Id.* at p. 1105.) The court noted a

*Pitchess* motion must " 'set[] forth the materiality [of the desired personnel records] to the *subject matter involved in the pending litigation . . . .*' " (*Hurd*, at p. 1110.)

The *Hurd* court concluded, "We deem the litigation to which the discovery must be material within the meaning of [Evidence Code] section 1043 to be the habeas corpus proceeding that has been or will be initiated by petitioner's habeas corpus petition. We deem the scope of the *Pitchess* discovery available under [Penal Code] section 1054.9 to be that justified by such current materiality to claims cognizable on habeas corpus." (*Hurd, supra*, 144 Cal.App.4th at p. 1111.) The court held the defendant was not entitled to discovery because the desired personnel records were immaterial to his posttrial claims, which themselves were not even cognizable on habeas corpus. (*Id.* at pp. 1112–1114.)

██ *Hurd*'s conclusion applies with equal force here. After defendant was convicted, the "pending litigation" to which the requested records had to be material was his new trial motion claiming ineffective assistance. (*Hurd, supra*, 144 Cal.App.4th at p. 1111; accord, Evid. Code, § 1043.) To prevail on this claim, defendant would have to show a "reasonable probability" that competent performance would have led to a different result. (*Strickland v. Washington* (1984) 466 U.S. 668, 693–694 [80 L.Ed.2d 674, 104 S.Ct. 2052].) ██ Thus, the proper standard for reviewing defendant's posttrial *Pitchess* motion was whether a reasonable probability existed that disclosure of the requested records would have led to a different result at trial.

The court applied this correct standard. It denied defendant's motion because the requested records were likely inadmissible and "would not have made a difference in the outcome of this trial." Contrary to defendant's claim, the court correctly reviewed his posttrial *Pitchess* motion through the lens of his new trial motion claiming ineffective assistance—this was the only litigation pending at the time.

Because the court applied the correct standard, the next issue is whether it applied the standard correctly. Defendant bears the burden of showing the court abused its discretion by denying his posttrial *Pitchess* motion. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1226, 1228 [114 Cal.Rptr.2d 482, 36 P.3d 21].) He did not provide us with the requested personnel records. On the existing record, defendant has not shown the court abused its discretion by concluding disclosure of the records would not have led to a different result at trial.

*Consecutive Sentencing Did Not Violate Defendant's Right to a Jury Trial*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[*]See footnote, *ante*, page 1473.

## DISPOSITION

The judgment is affirmed.

Bedsworth, Acting P. J., and Aronson, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 25, 2007, S154677.