DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YOUVENS MADEUS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2881

[March 28, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 50-2014-CF-002137-AXXX-MB.

Carey Haughwout, Public Defender, and Shari Vrod, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant appeals his conviction for first-degree murder, arguing the trial court erred in denying his motion to suppress statements he made to the police after his arrest. He claims that he did not waive his right to remain silent because his response to *Miranda* warnings was ambiguous or equivocal. We find that when appellant agreed to talk with the police "about certain things," he agreed to selectively waive his right to remain silent. We affirm the trial court's denial of appellant's motion to suppress. We find the other issue raised by appellant to be without merit and affirm that issue without further discussion.

Appellant was indicted for first-degree murder of his girlfriend. Shortly after his arrest, the police read appellant his *Miranda* rights. Appellant confirmed that he understood each of the rights. The detective then asked, "You're okay talking to me and telling – and answering my questions?" Appellant responded, "About certain things, yes." When the detective again asked, "Are you willing to talk to me understanding your rights; are you willing to talk to me," appellant said, "Yes, like I have said we could

talk about certain things."

Before trial, appellant moved to suppress statements he made during the interview. Appellant argued that his agreement to talk "about certain things" was ambiguous and therefore not a proper waiver of his right to remain silent. The trial court denied the motion to suppress, finding that there was no ambiguity and that appellant knowingly, intelligently, and voluntarily waived his rights.

In the interrogation tape played by the state for the jury, appellant admitted that he had recently fought with the victim and that he was not "happy" that she was pregnant. Appellant admitted to swinging a machete, but claimed he had not meant to swing it at the victim. Appellant also discussed past domestic violence issues between him and the victim and explained that he was angry because he did not want the victim to go to the prosecutor's office and testify against him in a different case. The medical examiner testified that a cut to the victim's neck severed her jugular vein and was the cause of her death. Additionally, DNA testing matched the victim's blood to the blade and handle of the machete.

The jury found appellant guilty as charged. This appeal follows.

"The standard of review applied to orders denying a motion to suppress is mixed: the court's factual findings are accorded deference and will be upheld if supported by competent, substantial evidence; legal conclusions, however, are reviewed de novo." *State v. Weiss*, 935 So. 2d 110, 115 (Fla. 4th DCA 2006).

The fundamental issue in this case is whether appellant's statements were ambiguous and equivocal. If they were ambiguous or equivocal then the police officer was required to inquire further before initiating further questioning. *See Alvarez v. State*, 15 So. 3d 738, 745 (Fla. 4th DCA 2009) ("[A]n ambiguous waiver must be clarified before initial questioning."). Appellant argues that when he agreed to talk "about certain things," it was ambiguous and equivocal requiring the officer to clarify further before proceeding with questioning. We disagree.

When appellant agreed to talk "about certain things," he selectively waived his *Miranda* rights. In fact, there was nothing ambiguous about what he said. Appellant waived his rights regarding "certain things" but not about other matters. Further, he declared his willingness to talk except for "certain things" without hesitation or equivocation.

In *United States v. Krug*, No. CR 09-01148 MMM, 2012 WL 12951703

(C.D. Cal. Aug. 30, 2012), the defendant was read his *Miranda* rights and inserted the following on his advice of rights card: "I am willing to answer *some* questions without a lawyer." *Id.* at *2, 9. The defendant argued that the insertion of the word "some" on the rights card made his answer ambiguous, requiring further inquiry by the special agents. *Id.* at *10.

The *Krug* court found that a "defendant may selectively waive his *Miranda* rights by agreeing to answer some questions, but not others." *Id.* at *9. Specifically, a "suspect may selectively waive his right to remain silent in one of two ways. He may either tell the police that he will not discuss certain subjects, or the suspect may . . . inform the police that he is willing to discuss only specific subjects." *Id.* (citation omitted). The court concluded that the defendant "affirmatively stated that he would answer 'some' questions, and thus unequivocally, but selectively, waived his right to remain silent and consult with an attorney." *Id.* at *10. "To hold that such a waiver was ambiguous would negate the rule that a defendant can selectively waive his *Miranda* rights." *Id. See also Michigan v. Mosley*, 423 U.S. 96, 103-04 (1975) (recognizing that a defendant, "[t]hrough the exercise of his option to terminate questioning[,] can control the time at which questioning occurs, the subjects discussed, and the duration of the interrogation").

In the present case, like in *Krug*, appellant claims that his answer was ambiguous and required further inquiry. To the contrary, appellant was merely informing the police that he was willing to speak to the police except for "certain things." It is certainly within the right of the defendant to limit the parameters of the questions that he would be willing to answer. To hold otherwise would "negate" appellant's right to "selectively waive his *Miranda* rights." *See Krug*, 2012 WL 12951703 at *10; *see also Gonzalez v. State*, 136 So. 3d 1125, 1145 (Fla. 2014) (holding mere "refusal to answer several questions" during interrogation was not invocation of right to remain silent).

Further, this holding is consistent with those of other courts which have found similar waivers not ambiguous or equivocal. *See United States v. Fuentes*, No. 13–CR–1025–TOR–2, 2015 WL 144409, at *4 (E.D. Wash. Jan. 12, 2015) (finding a defendant's waiver neither equivocal nor ambiguous where the defendant, when asked whether he would be willing to answer questions, stated: "Depends on the question"); *United States v. Eaton*, 890 F.2d 511, 513 (1st Cir. 1989) (finding an unequivocal waiver where the defendant, again asked if he would answer questions, "said that it would depend on the questions and he would answer some questions if he thought it appropriate"); *Bruni v. Lewis*, 847 F.2d 561, 564 (9th Cir. 1988) (finding an unambiguous waiver where the defendant first stated

that he would not answer questions without an attorney, but then said, "Well, ask your questions and I will answer those I see fit").

In conclusion, we find that appellant gave a selective waiver of his *Miranda* rights by agreeing to answer the detective's questions "about certain things." This response was in no way equivocal or ambiguous and therefore the detective was able to question appellant without any obligation to clarify appellant's answer. Thus, we affirm the trial court's denial of appellant's motion to suppress.

*Affirmed.*

CONNER and FORST, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

4