Filed 4/6/15  P. v. Ellis CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ORLANDO JEROME ELLIS,<br><br>    Defendant and Appellant. | F066893<br><br>(Super. Ct. No. BF140536A)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush and David R. Lampe, Judges.

Dawn Schock, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Rebecca Whitfield, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

This case analyzes the tensions that exist between a criminal defendant's statutory right to a speedy trial (Pen. Code, § 1381)[1] and his Sixth Amendment right to competent and adequately prepared trial counsel. Following a jury trial, appellant Orlando Jerome Ellis stands convicted of resisting an executive officer (§ 69) and misdemeanor battery on a parole agent (§ 243, subd. (b)).

Prior to trial, appellant's appointed counsel attempted to conduct a *Pitchess*[2] hearing to discover information, if any, contained in the personnel file for the only witness against appellant, his parole officer. Despite proper service of notice, the Attorney General (the custodian of records) did not send a representative to the hearing. Defense counsel re-filed the *Pitchess* motion.

At trial call (Department 1), defense counsel stated she was not ready to proceed to trial and wanted the *Pitchess* motion heard, which was scheduled for hearing in seven days. Appellant, however, refused to waive time. The court, without addressing defense counsel's concerns regarding her lack of preparedness or the pending *Pitchess* hearing, directed the parties to the trial department. Later that same day, defense counsel renewed her request for a continuance with the trial judge (Department 7) because of the unresolved *Pitchess* motion. The trial judge stated he could not address that issue because it had been decided by the previous judge and a motion for reconsideration was needed.

Following his convictions, defense counsel followed up with the *Pitchess* hearing. The court denied the motion after the prosecutor argued no "pending litigation" existed. Defense counsel filed a motion for reconsideration and a motion for new trial, which the

---

**1**     All future statutory references are to the Penal Code unless otherwise noted.

**2**     *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

court denied without comment. At no time did an in camera review occur of the parole officer's personnel file.

On appeal, we are asked to analyze whether appellant's convictions should be reversed because defense counsel was not adequately prepared for trial after the court denied a continuance necessary to complete the pretrial *Pitchess* hearing. Despite appellant's refusal to waive time, we determine that the court abused its discretion in neither addressing defense counsel's concerns nor granting a reasonable seven-day continuance to resolve the *Pitchess* motion. Because appellant was denied the opportunity to have a pretrial *Pitchess* hearing, we conditionally reverse the judgment and remand for the trial court to conduct a new *Pitchess* hearing consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Since May 2011, appellant was a parolee assigned to parole agent Donette Aguilera.[3] In January 2012, Aguilera made a regular monthly visit with appellant at his home in Kern County, and she wore her equipment belt, gun, handcuffs and pepper spray. During the visit, appellant became argumentative with Aguilera after she instructed him to report to the parole office in four days to complete a test. She left appellant's house and went to her vehicle.

While Aguilera sat in her vehicle, appellant approached and spoke to her through the open window, telling her not to be mad and she was "too pretty" to be mad at him. Aguilera told him to step away, but appellant refused and became argumentative again. Aguilera again told him to step away, and appellant said, "Fine. Fuck you, bitch," and pushed the top of her vehicle, a Ford Focus, causing the vehicle to move. Appellant walked away and she told him to place his hands behind his back. Appellant complied

---

[3] Aguilera was the only witness at trial. Appellant rested after the prosecution concluded its case.

and Aguilera decided to handcuff him because his demeanor was bizarre, argumentative and she felt threatened.

When she attempted to place handcuffs on appellant, he pushed against her, causing her to lose balance. Appellant said something like, "Oh, no. You're not going to arrest me today. Fuck that[.]" She lost her hold of him, and appellant walked away and did not comply when Aguilera ordered him to stop.

Aguilera called the Kern County Sheriff's Department for assistance. A search was conducted of appellant's residence, and a live 12-guage shotgun shell was located inside a closed cupboard. In addition to the shotgun shell, the cupboard held debris. No firearm was located in appellant's residence.[4]

In September 2012, the Kern County District Attorney's Office charged appellant by information with resisting an executive officer (§ 69; count 1); unlawful possession of ammunition (§ 30305, subd. (a); count 2); misdemeanor battery on a parole agent (§ 243, subd. (b); count 3); and misdemeanor resisting a parole officer (§ 148, subd. (a)(1); count 4). It was further alleged as to counts 1 and 2 that appellant had three prior strikes (§§ 667, subds. (c)-(j), 1170.12, subds. (a)-(e)), and that he served a prior prison term (§ 667.5, subd. (b)). Appellant was arraigned and pled not guilty to all charges and denied all allegations.

Following the one day jury trial, the jury found appellant guilty of counts 1 and 3, and not guilty of count 2.[5] The trial court found true the special allegations associated with count 1.

---

**4** The parties stipulated that appellant had been previously convicted of a felony and was prohibited from owning or possessing a firearm or ammunition.

**5** Pursuant to the trial court's instruction, the jury did not determine appellant's guilt regarding count 4.

The court sentenced appellant to an aggregate term of five years in prison on count 1, and 90 days in county jail for count 3, which was stayed pursuant to section 654. The court imposed various fines and fees.

## DISCUSSION

## I. The Court Abused Its Discretion In Not Granting A Short Continuance.

Appellant contends, inter alia, that the court erred in not continuing the trial date to allow resolution of his pretrial *Pitchess* motion. He maintains the court's error deprived him of the right to a fair trial, the ability of his trial counsel to provide effective assistance, and the ability to confront the only trial witness against him, Aguilera. Accordingly, he seeks reversal of his convictions.

### A. Background.

Because of the importance of the history regarding appellant's attempts to have his *Pitchess* motion heard, we set forth in some detail the events occurring from October 25, 2012, through March 13, 2013.

#### 1. *The Attorney General's office fails to appear.*

On October 29, 2012, appellant's trial counsel, Janice Kim, filed a *Pitchess* motion for discovery of records of inmate or citizen complaints made and/or maintained against Aguilera pursuant to section 832.5. The hearing was scheduled for November 21, 2012. On October 29, appellant waived his right to a speedy trial until November 26, 2012, plus 20 court days.

Despite valid service of the *Pitchess* motion, no representative from the Attorney General's office appeared for the hearing on November 21, 2012. Appellant, who was in custody, was not personally present at the *Pitchess* hearing.

Kim asked for the case file to be transferred to the trial readiness hearing, which was also scheduled on November 21, 2012. The court agreed. Appellant was present at the trial readiness hearing. At that hearing, Kim and the prosecutor agreed to a trial continuance until February 19, 2013. Appellant, however, stated that the *Pitchess* motion

5.

should have been resolved. Appellant refused to waive time, stating he "would like to go to trial court right now." The court confirmed trial for November 26, 2012.

### 2. *The trial is delayed.*

On November 26, 2012, Kim was unavailable because she was engaged in another trial which was scheduled to last through December 25. Kim noted appellant did not want to waive time, and she asked the court to trail the matter. The court trailed the matter to December 10, 2012. That same day, Kim re-filed and served notice of the *Pitchess* motion for a December 18, 2012, hearing.

The December 10 trial date was again trailed to December 11, 2012, due to Kim's continuing unavailability.

At the December 11, 2012, trial call, Kim stated she was not ready because she had the pending *Pitchess* motion set for December 18, which she wanted heard before the trial. She also stated appellant had informed her about a potential witness. The court asked appellant if he wished to waive time "into February" so his attorney could complete the *Pitchess* motion and look for the potential witness. Appellant refused to waive time. Kim stated she had already tried to locate appellant's witness without any success. Without addressing Kim's concerns regarding the *Pitchess* motion set one week later, or her stated lack of readiness, the court (Department 1) directed the parties to the trial department.

The parties reported to the trial department (Department 7) that same day. Kim renewed her request for a trial continuance based on the unresolved *Pitchess* motion. The trial court denied the continuance, determining the matter was already ruled upon by another judge and it could not reconsider that ruling without a proper motion for reconsideration.

The trial commenced.

**3**.     *Defense counsel seeks a posttrial Pitchess hearing.*

After appellant was convicted, Kim planned on attending the December 18, 2012, *Pitchess* hearing but the court dropped it from the calendar following conclusion of the trial.

On December 27, 2012, Kim filed a motion to reset the hearing date for the dropped *Pitchess* motion. The *Pitchess* motion was heard on February 7, 2013. The court asked how the *Pitchess* motion could lead to discoverable or relevant material when the only pending matter was sentencing. Kim stated it would be for purposes of a possible motion for new trial, citing *People v. Nguyen* (2007) 151 Cal.App.4th 1473 (*Nguyen*) and *Hurd v. Superior Court* (2006) 144 Cal.App.4th 1100 (*Hurd*). The prosecution opposed the motion, arguing no "pending litigation" existed to justify the *Pitchess* motion. The court denied appellant's motion without stating any reason. No in camera review occurred of Aguilera's personnel file.

On February 25, 2013, Kim sought reconsideration of the denied *Pitchess* motion and concurrently filed a motion for new trial. On March 13, 2013, the court (Department 2) heard and denied appellant's motion for reconsideration of the *Pitchess* motion, noting that there were "no new facts or law." Later in the day, the court (Department 15) denied appellant's motion for a new trial without comment.

**B**.     **Standard of review.**

**1**.     *Trial continuances.*

"Continuances shall be granted only upon a showing of good cause." (§ 1050, subd. (e).) Good cause requires a showing that the defendant and counsel have prepared for trial with due diligence. (*People v. Alexander* (2010) 49 Cal.4th 846, 934.) Trial courts have broad discretion regarding continuances. (*Ibid.*) The trial court may not exercise its discretion in a manner that deprives the defendant's attorney with a ""reasonable opportunity"" to prepare for trial because of the constitutional rights to counsel and due process of law. (*Ibid.*) "'[A]n unreasoning and arbitrary "insistence

7.

upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel.' [Citations.]" (*Id.* at pp. 934-935.)

Whether the denial of a continuance is so arbitrary as to violate due process must be decided on the facts involved in each case. (*People v. Courts* (1985) 37 Cal.3d 784, 791.) The reasons presented to the trial judge at the time the request is denied must be examined to determine if due process was violated. (*Ibid.*)

### 2. *Right to speedy trial.*

"A criminal defendant's right to a speedy trial is guaranteed by the Sixth Amendment to the federal Constitution and article I, section 15 of the California Constitution." (*People v. Lomax* (2010) 49 Cal.4th 530, 552-553 (*Lomax*).) These fundamental guarantees are set forth in various statutory enactments, including section 1382. (*Lomax, supra,* at pp. 552-553.) Under section 1382, a defendant in a felony case must be tried within 60 days of his arraignment. (§ 1382.)

A defendant's right to a speedy trial is not absolute and may be curtailed under appropriate circumstances. (*Lomax, supra,* 49 Cal.4th at p. 553.) The defendant's trial counsel, as part of his or her control over the procedural aspects of a case, ordinarily has the authority to waive the defendant's statutory speedy trial rights even over the client's objection. (*Ibid.*) "'This is because statutory speedy trial rights are not among those rights that are considered so fundamental that they are "beyond counsel's primary control." [Citations.]'" (*Ibid.*) However, "'appointed defense counsel lacks authority to waive his or her client's statutory speedy trial rights when the client personally *objects* to a continuance and the sole reason for the continuance is defense counsel's obligation to another client. [Citations.]' [Citation.]" (*Ibid.*, original italics.)

"[A] defendant may not be brought to trial too late. [Citations.]" (*People v. Maddox* (1967) 67 Cal.2d 647, 652-653 (*Maddox*).) However, a defendant "may also not be brought to trial too soon, i.e., without adequate opportunity for preparation of his defense. [Citations.]" (*Id.* at p. 653.) A defendant's trial counsel has the right to a

8.

reasonable opportunity to prepare for trial, which is "'as fundamental as is the right to counsel.' [Citations.]" (*People v. Murphy* (1963) 59 Cal.2d 818, 825.)

### 3. *Pitchess motions.*

In some circumstances, a criminal defendant may compel the discovery of evidence from an arresting law enforcement officer's personnel file if it is relevant in defending against the criminal charge. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1219-1220 (*Mooc*).) A two-step procedure is involved. First, the criminal defendant files a written motion describing the type of records sought, supported by affidavits showing: (1) good cause for its discovery or disclosure; (2) the materiality of the requested information to the subject matter involved in the pending litigation; and (3) "stating upon reasonable belief that the governmental agency identified has the records or information from the records." (Evid. Code, § 1043, subd. (b)(3); *Mooc, supra,* 26 Cal.4th at p. 1226.) This is known as a *Pitchess* motion. (*Mooc, supra,* at pp. 1225-1226.)

Assertions in the affidavits "may be on information and belief and need not be based on personal knowledge [citation], but the information sought must be requested with sufficient specificity to preclude the possibility of a defendant's simply casting about for any helpful information [citation]." (*Mooc, supra,* 26 Cal.4th at p. 1226.) As such, "a declaration by counsel on information and belief is sufficient to state facts to satisfy the 'materiality' component of that section. [Citation.]" (*Abatti v. Superior Court* (2003) 112 Cal.App.4th 39, 51.)

Second, if the trial court finds good cause for discovery of the personnel records, the court conducts an in camera review of the pertinent documents to determine which, if any, are relevant to the case. (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1019.) The court "discloses only that information falling within the statutorily defined standards of relevance." (*Ibid.*)

Absent a showing of good cause, a law enforcement officer's personnel records are not relevant to any issue in the case. (*People v. Collins* (2004) 115 Cal.App.4th 137,

9.

151.)  Even upon a showing of good cause, the defendant is only entitled to information that the court, after the in camera review, concludes is relevant.  (*People v. Johnson* (2004) 118 Cal.App.4th 292, 300.)

With these standards in mind, we turn to the merits of appellant's arguments.

**C.**     **Analysis.**

Appellant asserts his counsel unsuccessfully made three requests to continue the trial to resolve the *Pitchess* motion.  The first request occurred on November 21, 2012, and the other two on December 11, 2012: one in Department 1 and the other in Department 7.  Appellant argues that the unresolved *Pitchess* motion was his best defense strategy because Aguilera was the only witness against him, and forcing his trial counsel to proceed without the benefit of that motion deprived him of effective assistance of counsel and his ability to confront the only opposing witness.

**1.**     ***Department 1 failed to consider defense counsel's need to resolve the Pitchess motion.***

For clarity, we focus our analysis on the denials of continuance that occurred on December 11, 2012.  We note that Kim informed the court at trial call (Department 1) that she was "not ready" and referenced the unresolved *Pitchess* motion that was already filed, served and set for hearing in one week.  The court failed to address Kim's concerns and, after having a dialogue with appellant, who refused to waive time, the court ordered the parties to report to the trial department.  The court failed to consider or address Kim's statement that she was not prepared.  In so doing, the court failed to consider all of the facts presented to it.  (*People v. Courts, supra,* 37 Cal.3d at p. 791.)  Under the circumstances, the court abused its discretion in failing to address defense counsel's lack of readiness for trial.  Two cases, *Lomax, supra,* 49 Cal.4th 530 and *People v. Fontana* (1982) 139 Cal.App.3d 326, 333 (*Fontana*) support our conclusion.

In *Lomax, supra,* 49 Cal.4th 530, the defendant's appointed counsel requested a trial continuance based on a lack of preparedness.  The request for a continuance was not

10.

so that he could concentrate on other cases. (*Id.* at p. 553.) There was nothing to suggest that his representation had been incompetent or ineffective up until that time. (*Ibid.*) The defendant refused to waive time and invoked his speedy trial rights. (*Ibid.*) The trial court granted a continuance over the defendant's personal objection, which was upheld on appeal, based on defense counsel's "unequivocal statement" he could not present the case. (*Ibid.*)

On appeal, our Supreme Court held that a defendant's right to a speedy trial could be waived by defense counsel, even over the defendant's objection, so long as defense counsel was acting "'competently in the client's best interest.'" (*Lomax, supra,* 49 Cal.4th at p. 553.) The *Lomax* court noted that this right could not be waived, however, when the client personally objected to the continuance and "'the sole reason for the continuance is defense counsel's obligation to another client. [Citations.]' [Citation.]" (*Ibid.*) The *Lomax* court upheld the trial court's granting of the continuance over the defendant's objection because defense counsel was not prepared for trial and did not seek a continuance in order to prepare other cases. (*Ibid.*)

In *Fontana, supra,* 139 Cal.App.3d at page 328, the defendant appealed from an order revoking probation. Revocation proceedings started after the defendant awaited trial on a rape charge. (*Ibid.*) Prior to the revocation hearing, his counsel sought a continuance on the ground that he was unprepared. (*Ibid.*) Defense counsel went into considerable detail listing how and why he was unprepared, including his recent complex trial cases that took considerable time, and his inability to read voluminous materials necessary to cross-examine the only witness against his client. (*Id.* at pp. 332-333.) The motion to continue was denied and the defendant's probation was revoked after the alleged rape victim testified at the probation revocation hearing. (*Id.* at pp. 328, 331.)

On appeal, the *Fontana* court found an abuse of discretion when the lower court denied the requested continuance. (*Fontana, supra,* 139 Cal.App.3d at pp. 332-333.) The *Fontana* court rejected the People's argument as irrelevant that defense counsel had

11.

time to prepare, noting that a criminal defendant "is entitled to a prepared counsel," and not just one who had an opportunity to prepare. (*Id.* at p. 333.) The Court of Appeal emphasized that "'""counsel for a defendant has a right to reasonable opportunity to prepare for a trial [which] is as fundamental as is the right to counsel.' [Citations.]"' [Citations.]" (*Ibid.*) The *Fontana* court found an abuse of discretion because the lower court's denial impaired the defendant's fundamental rights "to the effective assistance of counsel and his right to confront and cross-examine the sole adverse witness" against him. (*Ibid.*) Because a fundamental constitutional right was impaired, the *Fontana* court held that a discussion of prejudice was not warranted and it ordered reversal. (*Id.* at p. 334.) In reversing, the appellate court noted that a defense attorney could not obtain a continuation solely on a representation of unpreparedness. (*Id.* at p. 335.)

Here, *Lomax* establishes that the court would have acted appropriately had it granted a short continuance so that Kim could finish her trial preparations. We cannot say that the court's opposite approach was likewise appropriate. Like in *Fontana*, Kim did not merely state she was unprepared. Instead, Kim pointed to a specific deficiency in her trial preparations when she referenced the unresolved *Pitchess* motion scheduled to be heard in one week's time. The court (Department 1) failed to address that concern. Similar to *Fontana*, Kim was forced to proceed without the opportunity to be fully prepared to cross-examine the only witness against her client.

Respondent concedes, and we agree, that the requested continuance was not done to benefit another client but so that Kim could be prepared for appellant's trial. Respondent also concedes, and we agree, that it was not the defense's fault for the failure to hear the *Pitchess* motion before trial. The record demonstrates that Kim acted diligently in that regard, but nobody from the Attorney General's office appeared on November 21, 2012, despite proper service of notice.

We are mindful that the situation presented the court with the inherent conflict between a criminal defendant's statutory right to a speedy trial versus his Sixth

12.

Amendment right to competent and adequately prepared counsel. (See *Townsend v. Superior Court of Los Angeles County* (1975) 15 Cal.3d 774, 782 (*Townsend*).) However, the court was required to exercise its discretion in a manner that did not deprive defense counsel with a """"reasonable opportunity""" to prepare for trial. (*People v. Alexander, supra,* 49 Cal.4th at p. 934 [the constitutional rights to counsel and to due process of law require that defense counsel have a reasonable opportunity to prepare a defense and respond to charges].) When defense counsel has been denied a reasonable opportunity to prepare for trial, it is the same as a criminal defendant having no counsel at all. (*Maddox, supra,* 67 Cal.2d at p. 652.) Under these circumstances, it was an abuse of discretion for the court (Department 1) to deny a short continuance so that Kim could finalize her trial preparation and have the *Pitchess* motion heard before trial. (*Fontana, supra,* 139 Cal.App.3d at p. 333.)

Respondent, however, maintains the court did not abuse its discretion, focusing on appellant's refusal to waive time as justification for the court's failure to address Kim's concerns. Respondent notes that appellant was told "numerous times" about the need for a time waiver so that the *Pitchess* motion could proceed, but appellant informed the court that he wanted to go to trial immediately. Respondent contends that appellant made an informed decision to proceed to trial and is now getting a "second bite at the apple" after he "got the trial he wanted."

Respondent's arguments are unpersuasive because they fail to balance the competing constitutional interests, ignore the Sixth Amendment right to adequately prepared counsel, and fail to consider that it is counsel who announces readiness for trial. (*Barsamyan v. Appellate Division of Superior Court* (2008) 44 Cal.4th 960, 971 (*Barsamyan*) [construing when 10-day grace period is initiated under section 1382, subdivision (a)(3)(B) in a misdemeanor case].) Appointed counsel manages the lawsuit and has the final say regarding trial strategy in all but a few matters. (*Faretta v. California* (1975) 422 U.S. 806, 812, fn 8.)

13.

Unlike a criminal defendant's right to effective assistance of counsel, the defendant's *statutory* right to a speedy trial is neither absolute nor fundamental. (*Barsamyan, supra,* 44 Cal.4th at p. 969; accord, *Lomax, supra,* 49 Cal.4th at p. 553.) A criminal defendant's statutory speedy trial right may be waived (in some circumstances) even over the defendant's objection in order to preserve the Sixth Amendment right to effective assistance of counsel. (*Barsamyan, supra,* 44 Cal.4th at p. 969; accord, *Lomax, supra,* 49 Cal.4th at p. 553; see *New York v. Hill* (2000) 528 U.S. 110, 114-115 [recognizing authority of defense counsel to waive specific federal statutory speedy trial rights].)

A criminal defendant's waiver of his or her statutory speedy trial rights "occurs when defense counsel consents to or requests a delay in the proceedings." (*Barsamyan, supra,* 44 Cal.4th at p. 969.) Consent to waive a defendant's statutory speedy trial rights may be express, implied or even inferred from silence when the defendant or his counsel fails to make a timely objection to a postponement. (*Ibid.*; see § 1382, subd. (a)(2)(B), (3)(B).)

Here, at trial call on December 11, 2012, Kim never stated that she was "ready" for immediate trial and, in fact, stated the opposite because of the unresolved *Pitchess* motion scheduled to be heard in one week. Kim's request for a trial continuance and failure to declare ready was an implied waiver of appellant's statutory speedy trial right. (*Barsamyan,* 44 Cal.4th at p. 969.) After indicating that she was not ready for trial, the court failed to follow up with Kim regarding her concern and, instead, only focused on appellant's refusal to waive time. Appellant's statutory right to a speedy trial did not trump the competing constitutional requirement that trial counsel have a meaningful opportunity to prepare. (See *Lomax, supra,* 49 Cal.4th at p. 553.) In failing to address Kim's concerns, the court allowed appellant to control the litigation, which was the domain of his counsel. (*Faretta v. California, supra,* 422 U.S. at p. 812, fn 8; *Barsamyan, supra,* 44 Cal.4th at p. 969; *Townsend, supra,* 15 Cal.3d at p. 781 [when

14.

appointed counsel is present in court, neither the criminal defendant nor another attorney can be recognized].)

Respondent cites one case, *People v. Thomas* (2012) 54 Cal.4th 908, 929, footnote 5 (*Thomas*), in opposition to the principle that appellant's statutory speedy trial rights were subordinate to his rights of a fair trial, effective assistance of counsel, and confrontation. *Thomas* stated, in a footnote: "'"'The criminal process . . . is replete with situations requiring the "making of difficult judgments" as to which course to follow. [Citation.] Although a defendant may have a right, even of constitutional dimensions, to follow whichever course he chooses, the Constitution does not by that token always forbid requiring him to choose.'" [Citation.]'" (*Thomas, supra,* 54 Cal.4th at p. 929, fn. 5, quoting *People v. Letner and Tobin* (2010) 50 Cal.4th 99, 153.)

The defendant in *Thomas* claimed that law enforcement failed to record his entire conversation with them, and disputed as inaccurate what an officer wrote in his notes and testified about in trial. The *Thomas* court examined whether a *Trombetta*[6] violation occurred. (*Thomas, supra,* 54 Cal.4th at p. 929.) The Supreme Court found no such violation and stated the above quotation in passing after commenting that the defendant was free to testify at trial about the interview if he chose to do so. (*Ibid.*) *Thomas* does not alter our conclusion that appellant's statutory speedy trial right was subordinate to his fundamental Sixth Amendment right to adequately prepared counsel. (*Barsamyan, supra,* 44 Cal.4th at p. 969; accord *Lomax, supra,* 49 Cal.4th at p. 553.)

Under the circumstances of this case, and based on all of the facts then known to the court, the court abused its discretion when it ignored Kim's statement that she was unprepared to go forward and denied a reasonable continuance to resolve the already filed *Pitchess* motion. (*People v. Sutton* (2010) 48 Cal.4th 533, 547 [good cause to delay

---

[6] *California v. Trombetta* (1984) 467 U.S. 479.

15.

trial under section 1382 warranted for counsel's need to prepare for trial]; *Jennings v. Superior Court of Contra Costa County* (1967) 66 Cal.2d 867, 875-876 (*Jennings*); *Maddox, supra,* 67 Cal.2d at p. 652; *Fontana, supra,* 139 Cal.App.3d at p. 333.)

**2.      *Department 7 failed to exercise its discretion to consider a continuation.***

The court's abuse of discretion was further compounded in Department 7 when the parties appeared for trial later that same day.  Kim renewed her concern regarding the unresolved *Pitchess* motion, which the trial judge would not entertain, stating he could not "reconsider a ruling of another judge of the Court without a proper motion for reconsideration.  That would have to be directed to the judge who ruled on the matter."

The trial court's statement was in error.  "When a matter is assigned for the purposes of trial, the trial judge has the authority to grant a continuance for good cause shown regardless of whether a continuance was denied by the supervising or presiding judge." (*People v. Sherrod* (1997) 59 Cal.App.4th 1168, 1174.)  "[I]t is the obligation of 'the trial judge to assure that a criminal defendant is afforded a bona fide and fair adversary adjudication.' [Citation.]" (*Ibid.*)  "To carry out this duty, the trial judge has the power to exercise reasonable control over all proceedings connected to the litigation before him or her, which power includes exercising discretion to continue the trial. [Citations.]" (*Ibid.*)

As respondent concedes, the trial judge had the authority to grant a continuance despite the denial in Department 1.  (*Sherrod, supra,* 59 Cal.App.4th at p. 1174.)  When a trial court's decision rests on an error of law, that decision is an abuse of discretion. (*People v. Superior Court* (2008) 43 Cal.4th 737, 746, 755 [trial court abused its discretion when it recused numerous prosecutors on a case based on an error of law].)

Respondent argues that while *Sherrod* stands for the proposition that a court *may* grant a continuance despite an earlier denial from another department, *Sherrod* does not *require* such action.  Respondent's argument, however, is unpersuasive because the trial court's refusal to address the continuation prevented the defense from final trial

16.

preparations. When a continuance is denied and it impairs a fundamental right, such as defense counsel's right to a reasonable opportunity to prepare for trial, the court has abused its discretion. (*Jennings, supra,* 66 Cal.2d at pp. 875-876; *Fontana, supra,* 139 Cal.App.3d at p. 333.)

Respondent further asserts that appellant was not prejudiced by Department 7's actions, arguing the trial court would have likely denied a continuance, even if it had considered it, because the circumstances "had not changed" since the last denial. This argument carries no weight because Kim was not prepared for trial. Those circumstances had not changed. This was neither an issue of "forum shopping" as respondent contends not where the doctrine of "comity" would support the trial judge's reasoning. Kim had a fundamental right to prepare adequately for her client and she was pursuing that right.

Accordingly, as analyzed above, the court abused its discretion on December 11, 2012, as evidenced in both Departments 1 and 7, when it denied Kim a reasonable opportunity to prepare for trial. (*People v. Sutton, supra,* 48 Cal.4th at p. 547; *Jennings, supra,* 66 Cal.2d at pp. 875-876; *Maddox, supra,* 67 Cal.2d at p. 652; *Fontana, supra,* 139 Cal.App.3d at p. 333.)

## II.     Reversal Is Required Because A Fundamentally Unfair Trial Resulted.

Appellant contends a "miscarriage of justice" occurred due to an unfair trial. He cites *Sherrod* for the proposition his convictions should be reversed without analyzing the *Watson*[7] standard of prejudice. (*Sherrod, supra,* 59 Cal.App.4th at pp. 1174-1175.)

Respondent disagrees, arguing the holding in *Sherrod* is distinguishable because it was within appellant's power to continue the trial to hear the *Pitchess* motion so that it cannot be said he was denied a fair trial. In the alternative, respondent contends appellant

---

[7]     *People v. Watson* (1956) 46 Cal.2d 818, 836 [question of prejudice for error of state law is whether "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error."]

17.

has failed to demonstrate how the lack of a *Pitchess* hearing changed his trial at all, let alone deprived him of due process of law.

In *Sherrod, supra,* 59 Cal.App.4th 1168, the appellate court found an abuse of discretion when the trial court denied a continuance motion after the self-represented defendant, through no fault of his own, was deprived of timely court-ordered resources to prepare for trial. (*Id.* at pp. 1173-1174.) The *Sherrod* court determined that the defendant was denied a fair trial, which resulted in a miscarriage of justice. As such, the *Sherrod* court reversed without analyzing prejudice. (*Id.* at pp. 1174-1175.)

Here, the court failed to address appellant's Sixth Amendment right to competent and adequately prepared counsel. (*Lomax, supra,* 49 Cal.4th at p. 556; *Maddox, supra,* 67 Cal.2d at pp. 653-654.) Because Kim was not permitted to resolve the *Pitchess* motion before trial regarding the only witness against her client, a fundamentally unfair trial occurred resulting in a "miscarriage of justice." (*Sherrod, supra,* 59 Cal.App.4th at pp. 1174-1175; see Cal. Const., art. VI, § 13.) Thus, reversal is required regardless of the state of the remaining evidence against appellant. (*Fontana, supra,* 139 Cal.App.3d at p. 334 ["Denial of fundamental constitutional rights is not excused by want of prejudice."]; accord *Arizona v. Fulminante* (1991) 499 U.S. 279, 309-310 [denial of basic constitutional protections causes "structural error" and requires automatic reversal].)

Even if reversal was not automatic, as respondent asserts, reversal is still required under *Chapman v. California* (1967) 386 U.S. 18. Because this was an error implicating a federal constitutional right, in order to affirm the judgment, we must declare that the error was harmless beyond a reasonable doubt. (*Id.* at p. 24.) Because Kim was not ready for trial in light of the unresolved *Pitchess* motion, we cannot declare that the court's abuse of discretion was harmless beyond a reasonable doubt. (*Ibid.*) This is especially true because the court never conducted an in camera review of Aguilera's personnel file rendering it impossible to determine what effect, if any, it would have had at trial.

The differing standards used to analyze a *Pitchess* motion before trial versus posttrial also demonstrates the fundamental unfairness and miscarriage of justice that resulted from the court's denial of a continuance. The pretrial *Pitchess* standard employs a relatively low threshold for discovery. (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 83.) Before trial, a defense counsel's declaration in support of a *Pitchess* motion must propose a defense or defenses to the pending charges and articulate how the sought after discovery may lead to relevant evidence or itself be admissible as impeachment evidence. (*Warrick v. Superior Court, supra,* 35 Cal.4th at p. 1024.)

A *Pitchess* motion may be brought in the context of a posttrial motion, but it becomes subject to a different analysis of good cause and materiality than a pretrial motion. (See *Nguyen, supra,* 151 Cal.App.4th at p. 1478; *Hurd, supra,* 144 Cal.App.4th at pp. 1105, 1108.) Posttrial, the court determines whether the information is material based on the subject matter of whatever is involved in the pending litigation, i.e., a habeas corpus petition (*Hurd, supra,* 144 Cal.App.4th at p. 1111) or a motion for new trial (*Nugyen, supra,* 151 Cal.App.4th at p. 1477). In the context of a posttrial *Pitchess* motion brought to support a motion for new trial, the proper standard of review is "whether a reasonable probability existed that disclosure of the requested records would have led to a different result at trial." (*Nugyen, supra,* at p. 1478.)

These differences highlight how the court's abuse of discretion resulted in a fundamentally unfair trial even beyond Kim's inability to prepare. It is not enough to say that appellant had his *Pitchess* motion heard posttrial because it was reviewed under a different, and more stringent, standard then it would have been pretrial.

Because we reverse due to a pretrial abuse of discretion, respondent's argument is without merit that it is speculative what admissible evidence, if any, might be discovered during an in camera review of Aguilera's personnel file. Appellant's claim will not be

19.

rejected for this reason. To the contrary, it was the pretrial failure of the court to allow such an inquiry that caused a fundamentally unfair trial.[8]

## III. Standard of review on remand.

When a defendant is denied a discovery motion, the proper standard of analysis regarding prejudice is whether there is "a reasonable probability that the outcome of the case would have been different had the information been disclosed to the defense." (*People v. Hustead* (1999) 74 Cal.App.4th 410, 422.)

Here, because no pretrial *Pitchess* motion was heard, we are unable to review a decision from the lower court regarding whether appellant has shown good cause for an in camera review or whether discoverable material in Aguilera's personnel file was improperly withheld. (*People v. Jackson* (1996) 13 Cal.4th 1164, 1220-1221 [trial court's decision regarding a *Pitchess* motion is reviewed under an abuse of discretion standard]; *People v. Ochoa* (2011) 191 Cal.App.4th 664, 675.) As such, we remand for the trial court to conduct a pretrial *Pitchess* hearing consistent with this decision.

Respondent argues that appellant has not shown sufficient "good cause" for the *Pitchess* motion to be granted, contending that appellant provided "an alternate factual scenario that is not credible" and insufficient to obtain an in camera review. On remand, however, we note the relatively low threshold used to find good cause to grant a pretrial *Pitchess* motion. (*City of Santa Cruz v. Municipal Court, supra,* 49 Cal.3d at p. 83; see also *Abatti v. Superior Court, supra,* 112 Cal.App.4th at p. 51 [counsel's declaration on information and belief is sufficient to state facts to satisfy the materiality requirement for a *Pitchess* motion].)

---

[8]     In light of our reversal based on pretrial abuse of discretion, we do not address the parties' remaining arguments regarding whether the court abused its discretion in denying appellant's various posttrial motions.

If appellant can show good cause to grant the *Pitchess* motion under the pretrial standard, the trial court shall conduct an in camera review of Aguilera's personnel file. If admissible information bearing on Aguilera's honesty is discovered, the trial court shall allow appellant an opportunity to demonstrate prejudice and order a new trial if prejudice is shown.

## DISPOSITION

The judgment is conditionally reversed and remanded. The trial court is directed to conduct a *Pitchess* hearing and determine if appellant has shown good cause for an in camera review consistent with this opinion. Upon a showing of good cause, the trial court shall review Aguilera's personnel file and order discovery of any information bearing on Aguilera's honesty that could lead to admissible evidence helpful to appellant. The trial court shall allow appellant an opportunity to demonstrate prejudice, and order a new trial if prejudice is demonstrated. If appellant cannot establish good cause, or no relevant information is contained in Aguilera's personnel file, or appellant cannot establish prejudice, the judgment shall be reinstated as of the date of the trial court's ruling to that effect.

_____
LEVY, Acting P.J.

WE CONCUR:


_____
PEÑA, J.


_____
SMITH, J.

21.